**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EARL YOUNG,

        Plaintiff,

  v.

T. HOLMES, et al.,

        Defendants.

                             /

No.  C 09-01042 JSW

**ORDER GRANTING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT; ORDER OF SERVICE AND DIRECTIONS TO PARTIES**

**INTRODUCTION**

      This matter comes before the Court upon consideration of the Motion for Leave to File an Amended Complaint, filed by Plaintiff Earl Young ("Young").  The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it finds the matter suitable for disposition without oral argument.  *See* N.D. Civ. L.R. 7-1(b).  The Court VACATES the hearing set for October 28, 2011, and HEREBY GRANTS Young's motion.

**BACKGROUND**

      On March 10, 2009, Young, acting *pro se*, filed his original complaint in this action. Young brought claims against T. Holmes, M. Bullock, K. Kiplinger, and T. Buchanan, all of whom are correctional officers at Pelican Bay State Prison.  In that Complaint, Young alleged that the defendants used excessive force against him when he was returning to his cell after taking a shower.  (*See* Docket No. 1 (Compl., Statement of Facts, ¶¶ 1-6).)  Young alleges that "other correctional officers ran into the area to assist" Holmes, and he also alleges that "responding staff, including defendant T. Holmes began kicking and beating [Young] with their

**United States District Court**
For the Northern District of California

1    hands feet and state issued weapons."  (*Id.*, ¶¶ 2, 4.)

2        Young also alleged that "[c]orrectional staff then placed Plaintiff in Administrative

3    Segregation (Ad-Seg) for the false charges of 'Attempted Murder on a Peace Officer,' which

4    was ordered by Correctional Lieutenant D. Kays."  (*Id.* ¶ 9; *see also id.* ¶¶ 10-13 (alleging that

5    Young was ordered to serve a 48 month prison term in solitary confinement on the alleged false

6    charges).)  Young sought damages in the amount of $250,000 from each of the named

7    defendants.

8        On June 3, 2009, the Court issued an Order of Service permitting the claims of excessive

9    force to go forward against the four defendants.  (Docket No. 3.)  On March 14, 2011, the Court

10   denied summary judgment.  (Docket No. 49.)  On July 25, 2011, after the parties failed to

11   resolve their differences at a settlement conference, the Court appointed counsel for Young.

12   (Docket Nos. 53, 60, 62-63.)

13       On August 31, 2011, Young filed his motion for leave to amend the complaint.  Young

14   proposes to add nine defendants, a claim for relief based on an alleged failure to intervene, a

15   claim for relief based on the deprivation of liberty without due process, and a prayer for

16   punitive damages.  The Court held a case management conference on September 16, 2011.

17   Because the Court had anticipated that this case was ready to proceed to trial, the Court inquired

18   whether Defendants would have opposed the motion if no further dispositive motions were

19   permitted.  Defendants stated that fact would have altered their position.  The Court continued

20   the hearing on the motion to amend to permit Defendants an opportunity to file a substantive

21   opposition.

22                                    **ANALYSIS**

23       Young seeks leave to amend under Rule 15.  That rule provides that, "[a] party may

24   amend its pleading once as a matter of course, ... 21 days after serving it, or ... if the pleading is

25   one to which a responsive pleading is required, 21 days after service of a responsive pleading or

26   21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Fed. R.

27   Civ. P. 15(a)(1)(A)(B).  Young argues that he is entitled to amend as a matter of right, because

28

                                        2

1    Defendants have not yet filed a responsive pleading and because the original Defendants'

2    motion for summary judgment is not a motion under Rule 12(b), (e), or (f).

3         Defendants have not argued that Young cannot amend as a matter of right under Rule

4    15(a).  (*See* Docket No. 70, Statement of Non-Opposition at 2:6-8; Docket No. 77, Opposition

5    at 1:4-7.)  Based on Defendants' lack of opposition, Young's motion for leave to amend is

6    GRANTED.[1]

7         In their opposition, Defendants asked, if the Court granted Young leave to amend, that

8    the Court also screen the complaint.  That request is granted.  Federal courts must engage in a

9    preliminary screening of cases in which prisoners seek redress from a governmental entity or

10   officer or employee of a governmental entity.  28 U.S.C. § 1915A(A).  The Court must identify

11   cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is

12   frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks

13   monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).

14        In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:

15   (1) that a right secured by the Constitution or laws of the United States was violated, and that

16   the alleged violation was committed by a person acting under the color of state law.  *West v.*

17   *Atkins*, 487 U.S. 42, 48 (1988).  Having reviewed the proposed Amended Complaint, the Court

18   finds that Young's allegations state cognizable claims for failure to intervene and for

19   deprivation of his liberty without due process of law.

20   _____

21        [1]   Pursuant to 42 U.S.C. § 1997e, "[a]ny defendant may waive the right to reply
     to any action brought by a prisoner confined in any jail, prison, or other correctional facility
22   under section 1983 of this title or any other Federal law.   Notwithstanding any other law or
     rule of procedure, such waiver shall not constitute an admission of the allegations contained
23   in the complaint.  No relief shall be granted to the plaintiff unless a reply has been filed. ...
     The court may require any defendant to reply to a complaint brought under this section if it
24   finds that the plaintiff has a reasonable opportunity to prevail on the merits."  42 U.S.C. §
     1997e(g)(1)(2).
25
          Neither Young nor the Defendants have addressed interplay of Section 1997e(g),
26   which permits a defendant to waive a reply, and
      Rule 15(a)(1)(B), which applies "if the pleading is one to which a responsive pleading is
27   required."  Because Defendants have not opposed Young's motion under Rule 15(a), because
     the issue is not fairly presented, and because Defendants will have the opportunity to raise
28   their arguments in favor of dismissal of the amended complaint by way of a motion to
     dismiss, the Court does not reach this issue *sua sponte*.

**United States District Court**
For the Northern District of California

1    Finally, Defendants argue that the amended complaint should be dismissed because it is

2  barred by the statute of limitations, because Young has failed to exhaust the proposed claims for

3  relief, and because Young's due process rights were not violated.  The Court finds that these

4  arguments should be raised by a properly filed motion to dismiss under Federal Rule of Civil

5  Procedure 12(b).

6                                        **CONCLUSION**

7    For the foregoing reasons, Young's Motion for Leave to File the Amended Complaint is

8  GRANTED.  The Clerk of the Court shall issue summons, and Young shall file and serve a

9  copy of the Amended Complaint and all attachments thereto, on all defendants by no later than

10  October 28, 2011.  Defendants shall file a responsive pleading or a motion to dismiss within

11  twenty-one days after service of the Amended Complaint.

12    **IT IS SO ORDERED.**

13  Dated:   October 14, 2011



14                                       JEFFREY S. WHITE
                                        UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California