1
2
3
4
5
6
7
8            IN THE UNITED STATES DISTRICT COURT
9          FOR THE NORTHERN DISTRICT OF CALIFORNIA
10              SAN FRANCISCO DIVISION
11

| | |
|---|---|
| **EARL YOUNG,** | C 09-1042 JSW |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| **v.** | |
| **T. HOLMES, et al.,** | Judge:      Hon. Jeffrey S. White |
| Defendants. | Action Filed:  March 10, 2009 |

1.    <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, Plaintiff Earl Young and Defendants Holmes, Bullock, Buchanan, Kiplinger, Kingstrom, Northrup, and Shellabarger (the "Parties") hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further

1

1  acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not

2  entitle them to file confidential information under seal; Civil Local Rule 79-5 and General Order

3  62 set forth the procedures that must be followed and the standards that will be applied when a

4  party seeks permission from the Court to file material under seal.

5          Defendants assert that they will only designate materials designate as CONFIDENTIAL

6  or CONFIDENTIAL - ATTORNEYS' EYES ONLY under this Protective Order if they contain

7  information that has been deemed confidential by the California Department of Corrections and

8  Rehabilitation (CDCR) for safety and security reasons, and has been restricted from general

9  distribution, including but not limited to inmates, parolees, and the public.

10  2.    DEFINITIONS

11         2.1    Challenging Party:  a Party or Non-Party that challenges the designation of

12  information or items under this Order.

13         2.2    "CONFIDENTIAL" Information or Items:  information (regardless of how it is

14  generated, stored or maintained) or tangible things that qualify for protection under Federal Rule

15  of Civil Procedure 26(c).

16         2.3    "CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information or Items:

17  information (regardless of how it is generated, stored or maintained) or tangible things that

18  qualify for protection under Federal Rule of Civil Procedure 26(c) and constitutes or discloses

19  information which threatens prison safety or security.

20         2.4    Designating Party:  a Party or Non-Party that designates information or items that

21  it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or

22  "CONFIDENTIAL - ATTORNEYS' EYES ONLY."

23         2.5    Disclosure or Discovery Material:  all items or information, regardless of the

24  medium or manner in which it is generated, stored, or maintained (including, among other things,

25  testimony, transcripts, and tangible things), that are produced, made available for inspection, or

26  generated in disclosures or responses to discovery in this matter.

27         2.6    Expert:  a person with specialized knowledge or experience in a matter pertinent to

28  the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a

1  consultant in this action.

2      2.7    Non-Party:  any natural person, partnership, corporation, association, or other legal

3  entity not named as a Party to this action.

4      2.8    Counsel of Record:  attorneys who are retained to represent or advise a party to

5  this action and have appeared in this action on behalf of that party or are affiliated with a law firm

6  which has appeared on behalf of that Party (as well as their support staff).

7      2.9    Party:  any party to this action, including all of its officers, directors, employees,

8  consultants, retained experts, and Outside Counsel of Record (and their support staffs).

9      2.10   Producing Party:  a Party or Non-Party that produces Disclosure or Discovery

10  Material in this action.

11      2.11   Professional Vendors:  persons or entities that provide litigation support services to

12  Counsel of Record or the Parties (e.g., photocopying, videotaping, translating, preparing exhibits

13  or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their

14  employees and subcontractors.

15      2.12   Protected Material:  any Disclosure or Discovery Material that is designated as

16  "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY."

17      2.13   Receiving Party:  a Party that inspects or receives Disclosure or Discovery

18  Material from a Producing Party.

19  3.    SCOPE

20      The protections conferred by this Stipulation and Order cover not only Protected Material

21  (as defined above), but also (1) any information copied or extracted from Protected Material; (2)

22  all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony,

23  conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

24  However, the protections conferred by this Stipulation and Order do not cover the following

25  information: (a) any information that is in the public domain at the time of disclosure to a

26  Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as

27  a result of publication not involving a violation of this Order, including becoming part of the

28  public record through trial or otherwise; and (b) any information known to the Receiving Party

3

1    prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who

2    obtained the information lawfully and under no obligation of confidentiality to the Designating

3    Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4    **4.      DURATION**

5           Even after final disposition of this litigation, the confidentiality obligations imposed by

6    this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court

7    order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all

8    claims and defenses in this action, with or without prejudice; and (2) final judgment herein after

9    the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

10   including the time limits for filing any motions or applications for extension of time pursuant to

11   applicable law.

12   **5.      DESIGNATING PROTECTED MATERIAL**

13          5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party

14   or Non-Party that designates information or items for protection under this Order must take care

15   to limit any such designation to specific material that qualifies under the appropriate standards

16   described herein. The Designating Party must designate for protection only those parts of

17   material, documents, items, or oral or written communications that qualify – so that other portions

18   of the material, documents, items, or communications for which protection is not warranted are

19   not swept unjustifiably within the ambit of this Order.

20          Mass, indiscriminate, or routinized designations are prohibited. Designations that are

21   shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

22   unnecessarily encumber or retard the case development process or to impose unnecessary

23   expenses and burdens on other parties) expose the Designating Party to sanctions.

24          If it comes to a Designating Party's attention that information or items that it designated

25   for protection do not qualify for protection, that Designating Party must promptly notify all other

26   Parties that it is withdrawing the mistaken designation.

27          5.2    Manner and Timing of Designations. Except as otherwise provided in this Order

28   (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,

4

1    Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so

2    designated before the material is disclosed or produced.

3         Designation in conformity with this Order requires:

4         (a) for information in documentary form (e.g., paper or electronic documents, but

5    excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing

6    Party affix the legend "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES

7    ONLY" to each page that contains protected material. If only a portion or portions of the material

8    on a page qualifies for protection, the Producing Party also must clearly identify the protected

9    portion(s) (e.g., by making appropriate markings in the margins).

10        A Party or Non-Party that makes original documents or materials available for inspection

11   need not designate them for protection until after the Receiving Party has indicated which

12   material it would like copied and produced. During the inspection and before the designation, all

13   of the material made available for inspection shall be deemed "CONFIDENTIAL -

14   ATTORNEYS' EYES ONLY." After the Receiving Party has identified the documents it wants

15   copied and produced, the Producing Party must determine which documents, or portions thereof,

16   qualify for protection under this Order. Then, before producing the specified documents, the

17   Producing Party must affix the "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS'-

18   EYES ONLY" legend to each page that contains Protected Material. If only a portion or portions

19   of the material on a page qualifies for protection, the Producing Party also must clearly identify

20   the protected portion(s) (e.g., by making appropriate markings in the margins).

21        (b) for testimony given in deposition or in other pretrial or trial proceedings, that the

22   Designating Party identify on the record, before the close of the deposition, hearing, or other

23   proceeding, all protected testimony.

24        (c) for information produced in some form other than documentary and for any other

25   tangible items, that the Producing Party affix in a prominent place on the exterior of the container

26   or containers in which the information or item is stored the legend "CONFIDENTIAL" or

27   "CONFIDENTIAL - ATTORNEYS' EYES ONLY." If only a portion or portions of the

28   information or item warrant protection, the Producing Party, to the extent practicable, shall

5

1    identify the protected portion(s).

2        5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to

3    designate qualified information or items does not, standing alone, waive the Designating Party's

4    right to secure protection under this Order for such material.  Upon timely correction of a

5    designation, the Receiving Party must make reasonable efforts to assure that the material is

6    treated in accordance with the provisions of this Order.

7    6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

8        6.1    Timing of Challenges.  Any Party or Non-Party may challenge a designation of

9    confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality

10   designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

11   burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to

12   challenge a confidentiality designation by electing not to mount a challenge promptly after the

13   original designation is disclosed.

14       6.2    Meet and Confer.  The Challenging Party shall initiate the dispute resolution

15   process by providing written notice to the Designating Party of each designation it is challenging

16   and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has

17   been made, the written notice must recite that the challenge to confidentiality is being made in

18   accordance with this specific paragraph of the Protective Order.  The Challenging Party and the

19   Designating Party shall attempt to resolve each challenge in good faith and must begin the

20   process by conferring directly (in voice to voice dialogue; other forms of communication are not

21   sufficient) within 14 days of the date of service of notice.  In conferring, the Challenging Party

22   must explain the basis for its belief that the confidentiality designation was not proper and must

23   give the Designating Party an opportunity to review the designated material, to reconsider the

24   circumstances, and, if no change in designation is offered, to explain the basis for the chosen

25   designation.  A Challenging Party may proceed to the next stage of the challenge process only if

26   it has engaged in this meet and confer process first or establishes that the Designating Party is

27   unwilling to participate in the meet and confer process in a timely manner.

28       6.3    Judicial Intervention.  If the Challenging Party and the Designating Party cannot

6

1   resolve a challenge without court intervention, the Designating Party shall file and serve a motion

2   to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5

3   and General Order 62, if applicable) within 21 days of the initial notice of challenge or within 14

4   days of the parties agreeing that the meet and confer process will not resolve their dispute,

5   whichever is earlier. Each such motion must be accompanied by a competent declaration

6   affirming that the movant has complied with the meet and confer requirements imposed in the

7   preceding paragraph. Failure by the Designating Party to make such a motion including the

8   required declaration within 21 days (or 14 days, if applicable) shall automatically waive the

9   confidentiality designation for each challenged designation. In addition, the Challenging Party

10   may file a motion challenging a confidentiality designation at any time if there is good cause for

11   doing so, including a challenge to the designation of a deposition transcript or any portions

12   thereof. Any motion brought pursuant to this provision must be accompanied by a competent

13   declaration affirming that the movant has complied with the meet and confer requirements

14   imposed by the preceding paragraph.

15        The burden of persuasion in any such challenge proceeding shall be on the Designating

16   Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose

17   unnecessary expenses and burdens on other parties) may expose the Challenging Party to

18   sanctions. Unless the Designating Party has waived the confidentiality designation by failing to

19   file a motion to retain confidentiality as described above, all Parties shall continue to treat the

20   material in question to the level of protection to which it is entitled under the Producing Party's

21   designation until the court rules on the challenge.

22   7.   <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

23        7.1   <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or

24   produced by another Party or by a Non-Party in connection with this case only for prosecuting,

25   defending, or attempting to settle this litigation. Such Protected Material may be disclosed only

26   to the categories of persons and under the conditions described in this Order. When the litigation

27   has been terminated, a Receiving Party must comply with the provisions of section 13 below

28   (FINAL DISPOSITION).

1         Protected Material must be stored and maintained by a Receiving Party at a location and

2 in a secure manner that ensures that access is limited to the persons authorized under this Order.

3        7.2    Disclosure of "CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information or

4 Items.

5         This Protective Order is intended to and does preclude Counsel of Record from disclosing

6 documents and information designated "CONFIDENTIAL - ATTORNEYS' EYES ONLY" to

7 Plaintiff, members of Plaintiff's family, friends, or associates of Plaintiff, or to any other inmate

8 or parolee, or to the public.

9         Unless otherwise ordered by the court or permitted in writing by the Designating Party,

10 only the Counsel of Record (as well as support staff) of the Receiving Party may have access to

11 and review any information or item designated "CONFIDENTIAL - ATTORNEYS' EYES

12 ONLY."  It is further agreed by the Parties and ordered by the Court that the information

13 designated "CONFIDENTIAL - ATTORNEYS' EYES ONLY" is never to be disseminated to or

14 discussed with any inmates, including a Party or a witness, parolee, and the public in this case or

15 in any other capacity, unless there is a successful challenge to such information under section 6.

16 In the event the Receiving Party believes that information designated "CONFIDENTIAL -

17 ATTORNEYS' EYES ONLY" needs to be discussed with their client or another person,

18 Receiving Party must first contact the Designating Party to discuss disclosure of the specific

19 record.

20        7.3    Disclosure of "CONFIDENTIAL" Information or Items.

21         This Protective Order is intended to and does preclude Counsel of Record from allowing

22 Plaintiff to possess or retain a copy of any information designated "CONFIDENTIAL."

23 However, this Protective Order is not intended to and does not preclude Counsel of Record from

24 displaying, disclosing or discussing the contents of such information or items to Plaintiff.  The

25 Parties agree that information or items labeled "CONFIDENTIAL" may be displayed or disclosed

26 to or discussed between Counsel of Record and Plaintiff to the extent necessary to conduct

27 litigation.

28         In addition to the above, unless otherwise ordered by the court or permitted in writing by

8

1   the Designating Party, a Receiving Party may disclose any information or item designated

2   "CONFIDENTIAL" only to:

3           (a)  the Receiving Party's Counsel of Record in this action, as well as employees of said

4   Counsel of Record to whom it is reasonably necessary to disclose the information for this

5   litigation (as well as support staff);

6           (b)  the officers, directors, and employees of the Receiving Party to whom disclosure is

7   reasonably necessary for this litigation and who have signed the "Acknowledgment and

8   Agreement to Be Bound" (Exhibit A);

9           (c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is

10  reasonably necessary for this litigation and who have signed the "Acknowledgment and

11  Agreement to Be Bound" (Exhibit A);

12          (d)  the court and its personnel;

13          (e)  court reporters and their staff, professional jury or trial consultants, mock jurors, and

14  Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have

15  signed the "Acknowledgement and Agreement to be Bound" (Exhibit A);

16          (f)  during their depositions, witnesses in the action to whom disclosure is reasonably

17  necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A),

18  **unless otherwise agreed by the Designating Party or ordered by the court**.  Pages of

19  transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be

20  separately bound by the court reporter and may not be disclosed to anyone except as permitted

21  under this Stipulated Protective Order.

22          (g)  the author or recipient of a document containing the information or a custodian or other

23  person who otherwise possessed or knew the information.

24  8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER

25  LITIGATION

26          If a Party is served with a subpoena or a court order issued in other litigation that compels

27  disclosure of any information or items designated in this action as "CONFIDENTIAL" or

28  "CONFIDENTIAL - ATTORNEYS' EYES ONLY," that Party must:

9

1    (a)  promptly notify in writing the Designating Party.  Such notification shall include a copy

2    of the subpoena or court order;

3    (b)  promptly notify in writing the party who caused the subpoena or order to issue in the

4    other litigation that some or all of the material covered by the subpoena or order is subject to this

5    Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

6    (c)  cooperate with respect to all reasonable procedures sought to be pursued by the

7    Designating Party whose Protected Material may be affected.

8        If the Designating Party timely seeks a protective order, the Party served with the

9    subpoena or court order shall not produce any information designated in this action as

10   "CONFIDENTIAL" before a determination by the court from which the subpoena or order

11   issued, unless the Party has obtained the Designating Party's permission.  The Designating Party

12   shall bear the burden and expense of seeking protection in that court of its confidential material –

13   and nothing in these provisions should be construed as authorizing or encouraging a Receiving

14   Party in this action to disobey a lawful directive from another court.

15   9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS

16   LITIGATION

17       9.1   Production of Protected Material by a Non-Party

18          The terms of this Order are applicable to information produced by a Non-Party in this

19   action and designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES

20   ONLY."  Such information produced by Non-Parties in connection with this litigation is

21   protected by the remedies and relief provided by this Order.  Nothing in these provisions should

22   be construed as prohibiting a Non-Party from seeking additional protections.

23       9.2   Production of a Non-Party's Protected Material by a Party

24          (a)    In the event that a Party is required, by a valid discovery request, to produce a

25   Non-Party's confidential information in its possession and the Party is subject to an agreement

26   with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

27              (1)    promptly notify in writing the Requesting Party and the Non-Party

28   that some or all of the information requested is subject to a confidentiality agreement with a Non-

10

1    Party;

2                    (2)    promptly provide the Non-Party with a copy of the Stipulated

3    Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific

4    description of the information requested; and

5                    (3)    make the information requested available for inspection by the

6    Non-Party.

7            (b)    If the Non-Party fails to object or seek a protective order from this Court within

8    14 days of receiving the notice and accompanying information, the Receiving Party may produce

9    the Non-Party's confidential information responsive to the discovery request.  If the Non-Party

10   timely seeks a protective order, the Receiving Party shall not produce any information in its

11   possession or control that is subject to a confidentiality agreement with the Non-Party before a

12   determination by the court.[1]  Absent a court order to the contrary, the Non-Party shall bear the

13   burden and expense of seeking protection in this Court of its Protected Material.

14   10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

15          If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

16   Material to any person or in any circumstance not authorized under this Stipulated Protective

17   Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

18   unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the

19   Protected Material, (c) inform the person or persons to whom unauthorized disclosures were

20   made of all the terms of this Order, and (d) request such person or persons to execute the

21   "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

22          In the event the Receiving Party believes that documents labeled "CONFIDENTIAL -

23   ATTORNEYS' EYES ONLY" have been viewed or obtained by persons other than Counsel of

24   Record and their support staff, the Receiving Party must immediately (a) notify in writing the

25   Designating Party of the unauthorized disclosures, (b) identify the person or persons to whom

26   _____

27   [1] The purpose of this provision is to alert the interested parties to the existence of
     confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its
28   confidentiality interests in this court.

                                        11

1    unauthorized disclosures were made, (c) inform the person or persons to whom unauthorized

2    disclosures were made of all the terms of this Order, and (d) use its best efforts to retrieve all

3    unauthorized copies of the Protected Material.

4    11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED

5    MATERIAL

6         When a Producing Party gives notice to Receiving Parties that certain inadvertently

7    produced material is subject to a claim of privilege or other protection, the obligations of the

8    Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This

9    provision is not intended to modify whatever procedure may be established in an e-discovery

10   order that provides for production without prior privilege review.  Pursuant to Federal Rule of

11   Evidence 502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure of a

12   communication or information covered by the attorney-client privilege or work product

13   protection, the Parties may incorporate their agreement in the stipulated protective order

14   submitted to the Court.

15   12.   MISCELLANEOUS

16        12.1   Right to Further Relief.  Nothing in this Order abridges the right of any person to

17   seek its modification by the court in the future.

18        12.2   Right to Assert Other Objections.  By stipulating to the entry of this Protective

19   Order no Party waives any right it otherwise would have to object to disclosing or producing any

20   information or item on any ground not addressed in this Stipulated Protective Order.  Similarly,

21   no Party waives any right to object on any ground to use in evidence of any of the material

22   covered by this Protective Order.

23        12.3   Filing Protected Material.  Without written permission from the Designating Party

24   or a court order secured after appropriate notice to all interested persons, a Party may not file in

25   the public record in this action any Protected Material.  A Party that seeks to file under seal any

26   Protected Material must comply with Civil Local Rule 79-5 and General Order 62.  Protected

27   Material may only be filed under seal pursuant to a court order authorizing the sealing of the

28   specific Protected Material at issue. Pursuant to Civil Local Rule 79-5 and General Order 62, a

12

1    sealing order will issue only upon a request establishing that the Protected Material at issue is

2    privileged, protectable as a trade secret, is required to protect the safety and security of any

3    California Department of Corrections and Rehabilitation institution, employee, and inmate, or

4    otherwise entitled to protection under the law.  If a Receiving Party's request to file Protected

5    Material under seal pursuant to Civil Local Rule 79-5(d) and General Order 62 is denied by the

6    court, then the Receiving Party may file the information in the public record pursuant to Civil

7    Local Rule 79-5(e) unless otherwise instructed by the court.

8    13.    FINAL DISPOSITION

9         (a)   Within 60 days after the final disposition of this action, as defined in paragraph 4,

10   each Receiving Party must return all Protected Material to the Producing Party for destruction or

11   destroy such material, subject to the exceptions set forth in section 13(b). As used in this

12   subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and

13   any other format reproducing or capturing any of the Protected Material.  Whether the Protected

14   Material is returned, or destroyed, the Receiving Party must submit a written certification to the

15   Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day

16   deadline that (1) identifies (by category, where appropriate) all the Protected Material that was

17   returned or destroyed and (2) affirms that the Receiving Party has not retained any copies,

18   abstracts, compilations, summaries or any other format reproducing or capturing any of the

19   Protected Material, other than the exceptions set forth in section 13(b).

20        (b)   Notwithstanding section 13(a), Counsel of Record are entitled to retain an archival

21   copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda,

22   correspondence, deposition and trial exhibits, expert reports, attorney work product, and

23   consultant and expert work product, even if such materials contain Protected Material.  In

24   addition, Counsel of Record is not required to destroy or return copies of Protected Material that

25   may be stored on back-up tapes created in the Receiving Party's normal course of business and

26   retained for disaster-recovery purposes.  Any such archival or back-up tape copies that contain or

27   constitute Protected Material remain subject to this Protective Order as set forth in Section 4

28   (DURATION).

1    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2
        DATED: 3/19/2012                    _____
3
                                            Attorneys for Plaintiff
4                                           Earl Young

5
        DATED: 3/19/2012                    _____
6                                           Attorneys for Defendants
7                                           Holmes, Bullock, Buchanan, Kiplinger,
                                            Kingstrom, Northrup, and Shellabarger
8

9    PURSUANT TO STIPULATION, IT IS SO ORDERED.

10

11      DATED: March 21, 2012               _____
12                                          Jeffrey S. White
                                            United States District Judge
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    14

1 <u>EXHIBIT A</u>

2 <u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

3     I, _____ [print or type full name], of _____

4 [print or type full address], declare under penalty of perjury that I have read in its entirety and

5 understand the Stipulated Protective Order that was issued by the United States District Court for

6 the Northern District of California on [date] in the case of *Young v. Holmes* (Case No. C 09-1042

7 JSW (PR)). I agree to comply with and to be bound by all the terms of this Stipulated Protective

8 Order and I understand and acknowledge that failure to so comply could expose me to sanctions

9 and punishment in the nature of contempt. I solemnly promise that I will not disclose in any

10 manner any information or item that is subject to this Stipulated Protective Order to any person or

11 entity except in strict compliance with the provisions of this Order.

12     I further agree to submit to the jurisdiction of the United States District Court for the

13 Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

14 Order, even if such enforcement proceedings occur after termination of this action.

15     I hereby appoint _____ [print or type full name] of

16 _____ [print or type full address and telephone

17 number] as my California agent for service of process in connection with this action or any

18 proceedings related to enforcement of this Stipulated Protective Order.

19

20 Date: _____

21 City and State where sworn and signed: _____

22 Printed name: _____

23     [printed name]

24 Signature: _____

25     [signature]

26 SF2009202436
10846737.doc

27

28