IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL YOUNG,<br><br>    Plaintiff,<br><br>  v.<br><br>T. HOLMES, et al.,<br><br>    Defendants.<br>_____/ | No. C 09-01042 JSW<br><br>**ORDER ON ISSUE OF QUALIFIED IMMUNITY AND USE OF SPECIAL INTERROGATORIES** |

The Court has read and considered the parties' views on the defense of qualified immunity. The Court will not preclude Defendants from raising the defense of qualified immunity in the context of a motion for judgment as a matter of law under Federal Rule of Civil Procedure 50(a) and 50(b). *See, e.g., A.D. v. California Highway Patrol*, – F.3d –, 2013 WL 1319453 (9th Cir. April 3, 2013) (affirming denial of motion for judgment as a matter of law on defense of qualified immunity).

In *A.D.*, the Ninth Circuit noted that the "nature of the constitutional claim (containing a subjective element), and the case's procedural posture (raising qualified immunity in a post-verdict motion for JMOL) requires deference to the jury's findings that is not present in cases with other constitutional liability theories or where qualified immunity is asserted at a different state of the litigation." *Id.*, 2013 WL 1319453, at *8. Thus, the court noted the defense of qualified immunity was not available once the jury made a factual finding that the defendant acted with "a subjective bad intent." *Id.* Further, the Ninth Circuit explicitly recognized that its holding "will narrow the number of cases in which a defendant who loses at trial will receive

qualified immunity," although defendants might have other avenues to obtain recourse from an adverse jury verdict.

If Defendants do move for judgment as a matter of law, they shall be prepared to address the relevance of *A.D.*, especially in light of the requirement that in order to find liability, the jury will be required to conclude the defendants acted maliciously or sadistically.

The Court also has considered the Defendants' proposed Special Interrogatories, and it DENIES the request to give the Special Interrogatories as drafted. In light of the Court's ruling that it shall not absolutely preclude the Defendants from raising qualified immunity as a defense, the Court would urge the parties to once again meet and confer on the issue of whether Special Interrogatories are appropriate in this case. The Court is not adverse to posing Special Interrogatories to the jury. However, it shall only do so if, and only if, the parties agree that it is appropriate to do so and can reach agreement on the content of any such proposal.

**IT IS SO ORDERED.**

Dated: April 10, 2013

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2