**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL YOUNG, | No.  C 09-01042 JSW |
| Plaintiff, | **COURT'S PROPOSED FINAL JURY INSTRUCTIONS** |
| v. | |
| T. HOLMES, et al., | |
| Defendants. _____/ | |

The Court HEREBY ADVISES the parties that the following constitutes its proposed **final** jury instructions.  In general, if the Court has not included a disputed instruction, the Court has determined that the disputed instruction should not be given.  However, the Court **expressly reserves ruling** on whether it will give jury instructions that define "maliciously" and "sadistically," in light of the fact that the term "malicious" is defined in the instruction on punitive damages.  If the Court does give an instruction defining these terms, it would be limited to a definition of each term, for example the definition of maliciously used in the punitive damages instruction.  *See also, e.g., Federal Jury Practice and Instructions* (5th ed.), §§ 166.31, 166.33.  The Court shall not give Disputed Instruction No. 3 as drafted.

The Court will hold a final charging conference, and it shall set a deadline by which the parties must file any objections to these proposed instructions in advance of that charging conference.

**IT IS SO ORDERED.**

Dated: April 11, 2013

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

**DUTY OF JURY**

Members of the Jury:  Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case.  Each of you has received a copy of these instructions that you may take with you to consult during your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**BURDEN OF PROOF**

**PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true. You should base your decision on all of the evidence, regardless of which party presented it.

United States District Court

For the Northern District of California

**TWO OR MORE PARTIES - DIFFERENT LEGAL RIGHTS**

You should decide the case as to the Plaintiff and to each of the four Defendants separately.  Unless otherwise stated, the instructions apply to all parties.

**United States District Court**
For the Northern District of California

# WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits which are received into evidence; and

3.      any facts to which the parties have agreed.

**United States District Court**
For the Northern District of California

**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

1.      Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statements, and will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.      Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3.      Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition some testimony and exhibits were received only for a limited purpose; when I have given you a limiting instruction, you must follow it.

4.      Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

United States District Court
For the Northern District of California

6

# EVIDENCE FOR LIMITED PURPOSE

Some evidence was admitted for a limited purpose only. When I have instructed you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk.  Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

1

**STIPULATIONS OF FACT**

2          The parties have agreed to certain facts that will be read to you.  You should therefore

3    treat these facts as having been proved.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

1.     the opportunity and ability of the witness to see or hear or know the things testified to;

2.     the witness's memory;

3.     the witness's manner while testifying;

4.     the witness's interest in the outcome of the case and any bias or prejudice;

5.     whether other evidence contradicted the witness's testimony;

6.     the reasonableness of the witness's testimony in light of all the evidence; and

7.     any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

**REDACTIONS**

Certain exhibits have been redacted, *i.e.* text has been blacked out.  You are not to speculate about the portions of those exhibits that have been redacted.

**IMPEACHMENT EVIDENCE - WITNESS**

The evidence that a witness, for example, has been convicted of a crime or lied under oath on a prior occasion, may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

1

**EXPERT OPINION**

2          Some witnesses, because of education or experience, are permitted to state opinions

3 and the reasons for those opinions.

4          Opinion testimony should be judged just like any other testimony.  You may accept it

5 or reject it, and give it as much weight as you think it deserves, considering the witness's

6 education and experience, the reasons given for the opinion, and all the other evidence in the

7 case.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

**SECTION 1983 CLAIM - INTRODUCTORY INSTRUCTION**

The Plaintiff brings his claims under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

United States District Court

For the Northern District of California

United States District Court

For the Northern District of California

## SECTION 1983 CLAIM AGAINST DEFENDANT IN INDIVIDUAL CAPACITY
## ELEMENTS AND BURDEN OF PROOF

In order to prevail on his § 1983 claims against the Defendants, the Plaintiff must prove each of the following elements by a preponderance of the evidence:

1.      the Defendants acted under color of law; and

2.      the acts of the Defendants deprived the Plaintiff of his particular rights under the laws of the United States Constitution as explained in later instructions.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation.  The parties have stipulated that the Defendants acted under color of law.

If you find that the Plaintiff has proved each of these elements, and if you find that the Plaintiff has proved all the elements he is required to prove under the instruction entitled "Particular Rights – Eighth Amendment – Convicted Prisoner's Claim of Excessive Force" and "Particular Rights – Eighth Amendment – Convicted Prisoner's Claim of Failure to Intervene," your verdict should be for the Plaintiff.  If, on the other hand, the Plaintiff has failed to prove any one or more of these elements, your verdict should be for the Defendants.

15

United States District Court

For the Northern District of California

## PARTICULAR RIGHTS—EIGHTH AMENDMENT—
## CONVICTED PRISONER'S CLAIM OF EXCESSIVE FORCE

As previously explained, the Plaintiff has the burden to prove that the acts of the Defendants deprived the Plaintiff of particular rights under the United States Constitution.  In this case, the Plaintiff alleges the Defendants deprived him of his rights under the Eighth Amendment to the Constitution when they used excessive force on him on September 24, 2006.

Under the Eighth Amendment, a convicted prisoner has the right to be free from "cruel and unusual punishment."  In order to prove that the defendants deprived the Plaintiff of this Eighth Amendment right, the Plaintiff must prove the following additional elements by a preponderance of the evidence:

1.      the defendant used excessive and unnecessary force under all of the circumstances;

2.      the defendant acted maliciously and sadistically for the purpose of causing harm; and

3.      the acts of the defendant caused harm to the plaintiff.

In determining whether a defendant used excessive force in this case, consider: (1) the need to use force; (2) the relationship between that need and the amount of force used; (3) whether the defendant applied the force in a good faith effort to maintain or restore discipline; (4) any threat reasonably perceived by the defendant; (5) any efforts made to temper the severity of a forceful response; (6) and the extent of the injury suffered.

In considering these factors, you should give deference to prison officials in the adoption and execution of policies and practices that in their judgment are needed to preserve discipline and to maintain internal security in a prison.

**CAUSATION - DEFINED**

In order to establish that the acts of the Defendants caused harm to Plaintiff, the Plaintiff must prove by a preponderance of the evidence that the acts were so closely related to the deprivation of the Plaintiff's rights as to be the moving force that caused the ultimate injury.

United States District Court

For the Northern District of California

**United States District Court**
For the Northern District of California

**PARTICULAR RIGHTS– EIGHTH AMENDMENT**

**CONVICTED PRISONER'S CLAIM OF FAILURE TO INTERVENE**

If you find that any Defendant violated Plaintiff's Eighth Amendment rights by using excessive force on him on September 24, 2006, then you must also decide whether any of the Defendants failed to intervene to prevent the Defendant who used excessive force from doing so.

Any Defendant who did not use excessive force also violated Plaintiff's Eighth Amendment rights if you find by a preponderance of the evidence that:

1.    the defendant was present at the time another defendant used excessive force or had reason to know that another defendant was using or would use excessive force;

2.    that defendant had an opportunity to intervene to prevent or curtail the use of excessive force; and

3.    the defendant failed to intervene.

**DAMAGES-PROOF**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the Plaintiff on his Eighth Amendment claims, you must determine the Plaintiff's damages. The Plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the Plaintiff for any injury you find was caused by the Defendant. You should consider the following: the nature and extent of the injuries, the emotional pain and suffering experienced, and the reasonable value of necessary medical care, treatment, and services received to the present time.

It is for you to determine what damages, if any, have been proved. Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**MEASURES OF TYPES OF DAMAGES**

In determining the measure of damages, you should consider:

1.      The nature and extent of the injuries;

2.      The emotional pain and suffering experienced; and

3.      The reasonable value of necessary medical care, treatment, and services received to the present time.

**DAMAGES – MITIGATION**

The Plaintiff has a duty to use reasonable efforts to mitigate damages.  To mitigate means to avoid or reduce damages.

Each Defendant has the burden of proving by a preponderance of the evidence:

1.    that the Plaintiff failed to use reasonable efforts to mitigate damages; and

2.    the amount by which damages would have been mitigated.

United States District Court

For the Northern District of California

21

**NOMINAL DAMAGES**

The law which applies to this case authorizes an award of nominal damages.  If you find for the Plaintiff but you find that the Plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages.  Nominal damages may not exceed one dollar.

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

**PUNITIVE DAMAGES**

If you find for the Plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a Defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a Plaintiff.

Plaintiff has the burden of proving by a preponderance of the evidence that punitive damages should be awarded, and, if so, the amount of any such damages.

You may award punitive damages against an individual Defendant only if you find that the Defendant's conduct that harmed the Plaintiff was malicious, oppressive, or in reckless disregard of the Plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the Plaintiff's rights if, under the circumstances, it reflects complete indifference to the Plaintiff's safety or rights, or if the Defendant acts in the face of a perceived risk that his actions will violate the Plaintiff's rights under federal law. An act or omission is oppressive if the Defendant injures or damages or otherwise violates the rights of the Plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the Plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the individual Defendant's conduct. You may impose punitive damages against one or more of the Defendants and not others, and may award different amounts against different Defendants.

**United States District Court**
For the Northern District of California

1

## DUTY TO DELIBERATE

2   When you begin your deliberations, you should elect one member of the jury as your

3   presiding juror.  That person will preside over the deliberations and speak for you here in

4   court.

5   You will then discuss the case with your fellow jurors to reach agreement if you can

6   do so.  Your verdict must be unanimous.

7   Each of you must decide the case for yourself, but you should do so only after you

8   have considered all of the evidence, discussed it fully with the other jurors, and listened to

9   the views of your fellow jurors.

10   Do not hesitate to change your opinion if the discussion persuades you that you

11   should. Do not come to a decision simply because other jurors think it is right.

12   It is important that you attempt to reach a unanimous verdict but, of course, only if

13   each of you can do so after having made your own conscientious decision.  Do not change an

14   honest belief about the weight and effect of the evidence simply to reach a verdict.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CONSIDERATION OF EVIDENCE - CONDUCT OF THE JURY**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  Thus, you may not communicate with anyone about the case on your cell phone, smart phone, or Blackberry, through e-mail, text messaging, or on Twitter, or through any blog or website, including, but not limited to, Facebook, Google+, MySpace, LinkedIn, or You Tube.  You may not use any similar technology or social media, even if I have not specifically mentioned it here.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.  In addition, please inform me if, and as soon as, you become aware of another juror's violation of these instructions.

United States District Court
For the Northern District of California

**USE OF NOTES**

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

United States District Court
For the Northern District of California

**RETURN OF VERDICT**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through my Courtroom Deputy, Ms. Ottolini, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.