IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL YOUNG, | No. C 09-01042 JSW |
| Plaintiff, | **VOIR DIRE** |
| v. | |
| T. HOLMES, et al., | |
| Defendants. | |

**STATEMENT OF THE CASE**

This is a civil rights action between the Plaintiff Earl Young, who was an inmate at Pelican Bay State Prison in 2006, and four Defendant correctional officers - Todd Holmes, Michael Bullock, Terence Buchanan, and Karl Kiplinger. Plaintiff alleges that Defendants used excessive force during an incident that began on the second tier located near the shower and ended on the lower tier in front of Plaintiff's cell in Pelican Bay State Prison. Plaintiff also alleges that Defendants failed to intervene to stop or curtail the excessive force used during the incident.

Defendants deny that they used unreasonable force or that they had the opportunity to and failed to intervene to stop others from using unreasonable force against Plaintiff. Defendants contend that the force used was reasonable and necessary in light of Defendants' contention that Plaintiff failed to obey orders, physically attacked Defendants, and resisted staff. Defendants also contend that they are entitled to qualified immunity.

**QUESTIONS**

1. Have any of you heard or read anything about the case?
2. As I said, my name is Jeffrey S. White. Do any of you know me?
3. My courtroom deputy is Jennifer Ottolini and my Law Clerks are Daisy Salzman, Melissa Goldberg, and Kristin Ring. Do any of you know any of these people?
4. Plaintiff is Earl Young. He is being represented by Stephen Akerley, Tina Soriano, Heidi Guetschow, and Brian Jin of the Dechert LLP law firm.
   a. Are any of you familiar with or do any of you know Plaintiff or his counsel?
   b. Have any of you been represented by any of these attorneys or the Dechert law firm?
5. The Defendants in this case are Todd Holmes, Terence Buchanan, Michael Bullock, and Karl Kiplinger. They are represented by Sharon Garske and Gina Papan of the California Attorney General's Office.
   a. Are any of you familiar with or do any of you know Defendants or their counsel?
   b. Have any of you been represented by these attorneys or the California Attorney General's Office?
6. During trial, in addition to the Plaintiff and the two Defendants, the parties may call the following witnesses: Stephen Chargin, Joey Ramey, Clay Speaker, Rodney Shellabarger, Anthony Pepiot, Loren Northrup, Jeremy Kingstrom, Byron Rogers, Michael Pickett, Joe Beeson, Will Adams, and Shara Soderlund.
   a. Are any of you familiar with or do any of you know any of the potential witnesses?
7. At the close of this case, the Court will give instructions on the law. Would you follow the Court's instruction on the law in this regard even if you should personally disagree with such instructions?
8. Can you decide this case based solely on the facts that the law as presented here in the courtroom, and not based on your emotions or any preconceived notions about the facts or law in this case?

9. Have any of you, any member of your immediate family, or a close friend ever been an employee of any prison in California or elsewhere?
   a. Where and what was your or their position?
   b. Were any complaints of excessive force ever been filed against you or them?
10. Do any of you reside in Crescent City? Would that fact affect your ability to be a fair and impartial juror in this case?
11. Have any of you, anyone in your immediate family, or any of your close friends ever sued someone?
    a. What was the lawsuit about?
    b. What was the result of the lawsuit?
12. Have any of you, or has any member of your immediate family or a close friend worked in a position involving assessing health claims or claims of physical injuries?
    a. Who, and in what capacity?
13. Have any of you, or has any member of your immediate family or a close friend worked in the medical profession?
    a. Who, and in what capacity?
14. Have any of you, or any member of your immediate family or a close friend, worked as a lawyer or a paralegal?
    a. Who, and where did you or that person work?
15. As stated earlier, this case involves Plaintiff, who was previously found guilty of felony charges and Defendants, who are correctional officers.
    a. Would the fact that Plaintiff was previously found guilty of a felony prevent you from setting aside any feelings that you may have in deciding this case on the law and on the facts?
    b. Would you be able to find in his favor despite that conviction?
16. Are any of you familiar with Pelican Bay State Prison, or any other correctional institution within the California Department of Corrections and Rehabilitation in

general, from personal knowledge, family, television reports, newspaper articles, or any other source?

    a. What is the substance of that information that you have read or heard?

    b. What is the basis of your familiarity with Pelican Bay State Prison or the California Department of Corrections and Rehabilitation?

    c. Would anything about what you know or have heard about this case, this case, Pelican Bay State Prison, or the California Department of Corrections and Rehabilitation impact your ability to be a fair and impartial juror in this case?

16. Have any of you seen movies, television series, or documentaries, or read any news articles related to prison, prisoners or prison conditions (e.g. MSNBC Lockdown series, prison overcrowding in California, etc.)?

    a. Is there anything about what you saw or read that would affect your ability to be a fair and impartial juror in this case?

17. Have any of you ever been treated unfairly by a law enforcement officer? Is there anything about that experience that would affect your ability to be a fair and impartial juror in this case?

18. Have any of you, or has any member of your immediate family or a close friend or relatives, ever been a victim of a crime? Is there anything about that experience that would affect your ability to be a fair and impartial juror in this case?

19. Have any of you, any member of your immeidate family, or a close friend ever visited a jail or prison?

    a. What was the reason for the visit?

    b. Which prison did you visit?

    c. Is there anything about that experience that affect your ability to be a fair and impartial juror in this case?

20. Have any of you, or has any member of your immediate family, or a close friend ever been arrested, detained, investigated, or convicted of a crime?

    a. When did this occur?

   b. Is there anything about that fact that would affect your ability to be a fair and impartial juror in this case?

21. Would the fact that the Defendants are correctional peace officers at a state prison affect your ability to be a fair and impartial juror in this case?

22. Is there anything about the fact that an individual has chosen to be a correctional officer and work at a prison that would affect your ability to be a fair and impartial juror in this case?

23. If a correctional officer and an inmate testify differently about the same event, would any of you chose to believe the correctional officer simply because of he is a correctional officer?

24. Similarly, if an inmate and a correctional officer testified differently about the same event, would any of you choose not to believe the inmate simply because he is an inmate?

25. Do any of you believe that persons convicted of a crime should not have the right to file lawsuits against correctional officers?

26. Do any of you believe that, by being in prison, a person loses his constitutional right to be free from the excessive use of force?

27. The law permits correctional officers to use only the amount of force that is reasonable under the circumstances. Would any of you have difficulty applying this principle?

28. Do any of you believe that a correctional officer can use an unlimited amount of force to get an inmate to comply with a lawful order?

29. Do any of you believe that a correctional officer can use an unlimited amount of force to maintain control of an inmate?

30. If it is demonstrated that the Defendants violated the Plaintiff's constitutional rights, would any of you refuse to return a verdict in favor of the Plaintiff?

31. If you return a verdict in favor of the Plaintiff, would any of you have any difficulty in awarding money damages to compensate the Plaintiff or punish the Defendants?

5

32. Having heard the questions put to you by the Court, does any other reason suggest itself to you as to why you could not sit on this jury and render a fair verdict based on the evidence presented to you and in the context of the Court's instructions to you on the law?

33. Is there anything else that you would like to bring to the Court's attention (e.g., health problems, hearing problems, difficulty understanding English, personal bias, financial problems, etc.) that might affect your ability to be an effective, fair and impartial juror?

**IT IS SO ORDERED.**

Dated: April 17, 2013

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE